-1-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC** <br><br> **Plaintiff,** <br><br> v. <br><br> **LIVEXLIVE MEDIA, INC.,** <br><br> **Defendant.** | C.A. No. 20-cv-00395-MN <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT LIVEXLIVE MEDIA, INC.'s ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant LiveXLive Media, Inc. ("LiveXLive Media") hereby answers the Complaint filed by Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Rothschild") as follows:

### PARTIES

1.  LiveXLive Media is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies those allegations.

2.  LiveXLive Media admits that its principal place of business is located at 9200 W. Sunset Blvd., Suite 1201, West Hollywood, CA 90069, and that its registered agent for service is Vcorp Services, LLC, 1013 Centre Road. Suite 403-B, Wilmington, DE 19805. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and, therefore, denies those allegations.

## JURISDICTION AND VENUE

3. LiveXLive Media admits that the Complaint purports to state a cause of action for patent infringement, seeking damages, as well as attorney fees and costs. LiveXLive Media expressly denies that it has infringed or is infringing the asserted patent, and denies that Rothschild is entitled to the relief sought. LiveXLive Media denies the remaining allegations of this paragraph.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive Media admits this Court has subject matter jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). LiveXLive Media denies the remaining allegations of this paragraph.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive Media expressly denies that it has committed or continues to commit acts of infringement in this District. LiveXLive Media admits that it has conducted business in this District and engages in activities in this District. LiveXLive Media denies the remaining allegations of this paragraph.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive Media expressly denies that its instrumentalities have infringed or are infringing any claim of the '221 Patent, whether through use, import, offer for sale, or sale in this District. LiveXLive Media denies the remaining allegations of this paragraph.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive Media admits that it resides in this District and is a Delaware limited liability company. LiveXLive Media denies the remaining allegations of this paragraph.

## BACKGROUND

8. LiveXLive Media admits that a document purporting to be a copy of the '221 Patent, entitled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment" is attached to the Complaint as Exhibit A, but denies the remaining allegations of Paragraph 8 of the Complaint.

9. LiveXLive Media is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and, therefore, denies those allegations.

10. LiveXLive Media is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and, therefore, denies those allegations.

11. LiveXLive Media admits that the '221 Patent on its face contains 13 claims including two independent claims and eleven dependent claims, but denies any remaining allegations of Paragraph 11 of the Complaint.

## COUNT I

### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,856,221)

12. LiveXLive Media repeats and incorporates by reference its responses to the allegations of Paragraphs 1-11 of the Complaint as if fully set forth herein.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive Media admits that a cause of action for patent infringement arises under the patent laws of the United States. LiveXLive Media expressly denies that LiveXLive Media has infringed or is infringing the asserted patent. LiveXLive Media denies the remaining allegations of this paragraph.

14. Denied.

15. LiveXLive Media admits that it sells or has sold the LiveXLive and Slacker Media music streaming platforms, but denies that these are systems for "media content storage and delivery" within the scope of the '221 Patent. LiveXLive Media expressly denies that it infringes any claim of the '221 Patent. LiveXLive Media denies the remaining allegations of this paragraph.

16. Denied.

17. LiveXLive Media admits that it sells or has sold the LiveXLive and Slacker Media music streaming platforms, but denies that these are systems for "media content storage and delivery" within the scope of the '221 Patent. LiveXLive Media expressly denies that it infringes any claim of the '221 Patent. LiveXLive Media denies the remaining allegations of this paragraph.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. LiveXLive Media admits that a document purporting to be a copy of the '221

Patent, entitled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment" is attached to the Complaint as Exhibit A. LiveXLive Media denies the remaining allegations of this paragraph.

31.   Denied.

32.   Denied.

33.   Denied.

34.   LiveXLive Media is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and, therefore, denies those allegations.

35.   Denied.

36.   Paragraph 36 states a legal conclusion to which no response is required. LiveXLive Media denies the remaining allegations of this paragraph.

LiveXLive Media denies that Rothschild is entitled to the relief requested or to any other relief against LiveXLive Media. To the extent a further response to Rothschild's request is necessary, LiveXLive Media denies each and every allegation set forth in Rothschild's request (provisions (a) through (d), inclusive).

## **DEFENSES**

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Without shifting the burden of proof, which remains with Rothschild, LiveXLive Media's products do not infringe any valid and enforceable claim of the '221 Patent.

Third Defense

The claims of the '221 Patent are invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code, including, among other sections, §§ 101, 102, 103, and 112.

Fourth Defense

Without shifting the burden of proof, which remains with Rothschild, Rothschild's claim for damages is limited by 35 U.S.C. § 287(a).

Fifth Defense

Without shifting the burden of proof, which remains with Rothschild, Rothschild's claim for injunctive relief is barred because it has an adequate remedy at law, it is not being, and is not in danger of being, irreparably harmed, the balance of the hardships is not in its favor, and the public interest is not served by the granting of injunctive relief.

Additional Defenses

LiveXLive Media reserves the right to assert additional defenses that may become known to it through discovery, including, but not limited to, inequitable conduct.

**COUNTERCLAIMS**

LiveXLive Media asserts the following Counterclaims against Rothschild:

**PARTIES**

1.  LiveXLiveMedia, Inc. ("LiveXLive Media") is a Delaware corporation, with a place of business at 9200 W. Sunset Blvd., Suite 1201, West Hollywood, CA 90069.

2.  Counter-defendant Rothschild Broadcast Distribution Systems, LLC ("Rothschild") is a Texas limited liability company with an office at 1801 NE 123 Street, Suite 314.

## **JURISDICTION AND VENUE**

3. These Counterclaims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code and the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331-1338 because these Counterclaims arise under the patent laws of the United States, and pursuant to 28 U.S.C. §§ 2201-2202 because an actual controversy exists between LiveXLive Media and Rothschild.

4. These Counterclaims arise out of the same transaction or occurrence that is the subject of Rothschild's Complaint. This Court has personal jurisdiction over Rothschild because it submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district. The acts committed by Rothschild that are the basis of this declaratory judgment action occurred in this judicial district.

5. In its Complaint, counterclaim-defendant Rothschild alleges that LiveXLive Media has infringed United States Patent No. 8,856,221 ("the '221 Patent"). Because LiveXLive Media denies that it infringes any valid and enforceable claim of any of those patents, an actual and justiciable controversy has arisen and now exists between LiveXLive Media, on the one hand, and Rothschild, on the other, as to whether LiveXLive Media infringes any claim of any of those patents and as to whether the claims of those patents are valid.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to these Counterclaims occurred in this district.

## COUNT I:  DECLARATORY JUDGMENT
### REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 8,856,221

7. LiveXLive Media repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. LiveXLive Media does not infringe, and has not infringed, the '221 Patent.

## COUNT II:  DECLARATORY JUDGMENT
### REGARDING INVALIDITY OF U.S. PATENT NO. 8,856,221

9. LiveXLive Media repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. The claims of the '221 Patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## REQUEST FOR RELIEF

LiveXLive Media respectfully requests that the Court:

(a) Enter judgment that LiveXLive Media does not, and has not infringed any claim of the '221 Patent;

(b) Enter judgment that each of the claims of the '221 Patent is invalid;

(c) Enter judgment denying Rothschild all of the relief requested in the Complaint and dismissing Rothschild's claims with prejudice;

(d) Enter judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award LiveXLive Media its costs and attorneys' fees; and

(e) Grant LiveXLive Media such other and further relief as the Court deems just in the circumstances.

-9-

## DEMAND FOR JURY TRIAL

      LiveXLive Media hereby demands a trial by jury of all issues so triable by a jury in this action.

| | |
|---|---|
| OF COUNSEL: | O'ROURKE LAW OFFICE, LLC |
| David A. Boag<br>BOAG LAW, PLLC<br>175 Varick Street, Fl. 6<br>New York, NY 10014<br>(212) 203-6651<br>dab@boagip.com<br><br>Dated: June 8, 2020 | By: */s/ Gerard M. O'Rourke*<br>Gerard M. O'Rourke, Esq. (#3265)<br>O'Rourke Law Office, LLC<br>1201 N. Orange Street<br>Suite 7260<br>Wilmington, DE 19801-1186<br>(484) 770-8046<br>gorourke@orourkefirm.com<br><br>Attorneys for Defendant |